**In re Petition for DISCIPLINARY AC-
TION AGAINST Stephen Louis MAD-
SEN, an Attorney at Law of the State
of Minnesota.**

**No. C0–02–1741.**

Supreme Court of Minnesota.

Dec. 3, 2002.

### ORDER

The Director of the Office of Lawyers
Professional Responsibility has filed a peti-
tion for disciplinary action alleging that
respondent Stephen Louis Madsen has
committed professional misconduct war-
ranting public discipline, namely, that re-
spondent failed to comply with the discov-
ery provisions of the Minnesota Rules of
Civil Procedure that prohibit the use of ex

parte subpoenas; agreed to settle and dismiss with prejudice his client's cause of action without his client's knowledge or consent; and failed to make a good faith effort to either pay off or arrange for a payment plan for the default judgment entered against him in his client's subsequent malpractice case, in violation of Minn. R. Prof. Conduct 1.1., 1.2(a), 1.4, 3.4(c), and 8.4(d).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand, payment of $900 in costs and disbursements pursuant to Rule 24, RLPR, and supervised probation for a period of two years subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor respondent's compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date this stipulation is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Within thirty days from the execution of the stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

f. Within thirty days from the execution of this stipulation, respondent shall contact Mark Magers or his counsel and make a good faith effort to enter into a payment plan for the $98,812.50 judg-

ment entered against respondent. Respondent shall provide the Director with documentation of his efforts and proof of any payments made on the judgment.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Stephen Louis Madsen is publicly reprimanded and placed on supervised probation for a period of two years, subject to the conditions set out above, and that he pay $900 in costs under Rule 24, RLPR.

BY THE COURT

Paul H. Anderson

Paul H. Anderson

Associate Justice